U.S DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - SHREVEPORT

JUN 24 2010

TONY R. MOORE, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| COPELAND'S CHEESECAKE BISTRO OF BOSSIER CITY, L.L.C. | CIVIL ACTION NO: 08-1679 |
| VERSUS | JUDGE DONALD E. WALTER |
| GREAT AMERICAN INSURANCE COMPANY | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

Before the Court is a Motion to Confirm Award of Arbitration Award and to Dismiss Suit [Doc. #16] filed by Defendant, Great American Insurance Company ("Great American"). The motion is opposed [Doc. #19].[1] For the following reasons, the motion should be denied.

This action arises out of a contract dispute between Copeland's Cheesecake Bistro of Bossier City, L.L.C. ("CCB") and their contractor Standard Building Company, Inc. ("Standard"). [Doc. #1-2 at 3]. CCB contracted Standard for the construction of a restaurant in Bossier City. [Doc. #1-2 at 3]. Great American bonded the project. [Doc. #1-2 at 3]. A dispute between CCB and Standard arose and in an effort to complete the project, the parties (CCB, Standard and Great American) entered into a completion agreement. [Doc. #1-2 at 4]. Standard did not complete the project. [Doc. #1-2 at 4]. CCB was forced to seek another contractor to finish the project. [Doc. #1-2 at 5]. CCB is seeking to collect damages from Great American as the party who bonded the construction contract. On June 4, 2009, this matter was stayed pending arbitration. [Doc. #12]. The stay was subsequently lifted on April 12, 2010. [Doc. #14].

---

[1] The Defendant has not filed a reply to the Memorandum in Opposition.

I. Motion to Confirm Award of Arbitration Award

First, Great American does not have standing to bring a motion to confirm the Arbitration Award. Defendant cites 9 U.S.C. § 9 which gives parties the right to seek confirmation of an arbitration award. The plain language of 9 U.S.C. § 9 states *"any party to the arbitration* may apply to the court so specified for an order confirming the award . . . ." (emphasis added). Further, LA. REV. STAT. § 9:4209 authorizes *"any party to the arbitration"* to apply to the court for an order confirming the award. (emphasis added). The Arbitration Award is entitled "Standard Building Company, Inc. ('Standard') and CCB of Bossier City, LLC ('CCB')–New Orleans, LA" and Great American is nowhere mentioned in the Arbitration Award. [Doc. #16-2]. As both the plain language of 9 U.S.C. § 9 and LA. REV. STAT. § 9:4209 make clear only a party to the arbitration may move to confirm an award. The plain language of the Arbitration Award shows that Great American was not a party to the award. As such Great American has no standing. However, even if Great American had standing, the motion would be moot because the award was all ready confirmed in the Eastern District of Louisiana by Judge Feldman on January 11, 2010. [Doc. #19-3].

II. Motion to Dismiss

To dismiss an action, a defendant must allege one of the seven grounds enumerated in Federal Rules of Civil Procedure 12(b):

    (1) lack of subject-matter jurisdiction;
    (2) lack of personal jurisdiction;
    (3) improper venue;
    (4) insufficient process;
    (5) insufficient service of process;
    (6) failure to state a claim upon which relief can be granted, and
    (7) failure to join a party under Rule 19.

Defendant has alleged none of these defects. The closest is a 12(b)(6) Motion to Dismiss for

"failure to state a claim upon which relief can be granted . . . ." To survive a 12(b)(6) Motion to Dismiss "the plaintiff must plead enough facts to state a claim to relief that is plausible on its face." *In re Katrina Canal Breaches Litigation*, 495 f.3d 191, 205 (5th Cir. 2007) *citing Bell Atlantic Corp. V. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1995, 1974, 167 L.Ed. 2d 929 (2007). The Plaintiff has done that.

Upon due consideration, **IT IS HEREBY ORDERED** that Defendant's Motion to Confirm Award of Arbitration Award and to Dismiss Suit [Doc. #16] is **DENIED**.

**THUS DONE AND SIGNED**, this 24 day of June, 2010.

DONALD E. WALTER
UNITED STATES DISTRICT JUDGE