UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

COPELAND'S CHEESECAKE BISTRO     CIVIL ACTION NO. 08-cv-1679
OF BOSSIER CITY, LLC

VERSUS     JUDGE WALTER

GREAT AMERICAN INSURANCE     MAGISTRATE JUDGE HORNSBY
COMPANY

**REPORT AND RECOMMENDATION**

**Introduction**

Copeland's Cheesecake Bistro of Bossier City, LLC ("Plaintiff") contracted with Standard Building Company, Inc. ("Standard") for the construction of a restaurant in Bossier City, Louisiana. Great American Insurance Company ("Defendant") provided payment and performance bonds for the project. Standard did not complete the project. Plaintiff filed suit against Defendant in a Bossier Parish state court for recovery under the performance bond. Defendant removed the case to this court based on diversity jurisdiction.

Before the court is Defendant's Motion to Transfer (Doc. 23). Defendant argues that this case should be transferred to the Eastern District of Louisiana pursuant to 28 U.S.C. § 1404 for the convenience of the parties and witnesses and in the interest of justice. For the reasons that follow, it is recommended that the Motion to Transfer be denied.

**Arbitration Proceeding Between Plaintiff and Standard**

Some related proceedings merit discussion before moving to the transfer issue. The first is that, before this suit was filed, contractor Standard initiated arbitration proceedings against Plaintiff with the American Arbitration Association ("AAA"). Plaintiff filed a counterclaim against Standard in that proceeding. This lawsuit was filed, but it was stayed during the pendency of that arbitration. Defendant was not a party to the arbitration.

In December 2009 the arbitrator issued an award directing Standard to pay Plaintiff the sum of $379,492.62. Plaintiff filed an unopposed motion in the Eastern District of Louisiana to have the arbitrator's award confirmed and a judgment entered. Judge Feldman adopted the award as a judgment of the court.

**Defendant's Motion to Dismiss**

Another relevant event occurred earlier in this case. This court lifted its stay after Judge Feldman confirmed the arbitration award. Defendant then filed a Motion to Dismiss and to Confirm Arbitration Award (Doc. 16). Judge Walter denied Defendant's motion finding: (1) Defendant – which was not a party to the arbitration – lacked standing to confirm the arbitration award; (2) Even if Defendant had standing, the motion to confirm was moot because the award already had been confirmed by Judge Feldman; and (3) Plaintiff had pleaded enough facts to state a claim to relief that is plausible on its face. Doc. 20.

**The Motion to Transfer**

    **A. Summary of The Arguments**

Defendant then filed the Motion to Transfer, which is currently before the court. In seeking transfer, Defendant notes:

- The majority of witnesses disclosed by the parties reside in the Eastern District of Louisiana.

- No witnesses reside in the Western District of Louisiana.

- Judge Feldman in the Eastern District already has familiarity with the award of arbitration.

- The parties' attorneys are located in the Eastern District.

- Transferring this matter to the Eastern District preserves judicial and party resources.

Plaintiff strenuously opposes the Motion to Transfer. Plaintiff argues that Defendant's Motion to Transfer is simply an attempt at "forum shopping." Plaintiff also argues:

- Judge Feldman has dealt only with procedural issues and has not entertained any substantive issues relating to this dispute.

- Defendant did not act with reasonable promptness in seeking the transfer.

- Defendant waited until its Motion to Dismiss was denied by this court before filing the Motion to Transfer.

- Plaintiff filed suit in Bossier Parish pursuant to a forum selection clause that Defendant wrote into its bond that directs suits to the location of the project.

- Most of the witnesses disclosed by the parties are within the control of the parties.

- The project (restaurant) is in Bossier City, Louisiana, which is significantly closer to this court than to the Eastern District of Louisiana.

- Transfer would not serve the public interest because it is contrary to the interest of justice to order a transfer after the moving party has lost on a substantive motion.

**B. Applicable Law**

28 U.S.C. § 1404(a) provides "for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The goals of Section 1404(a) are to prevent waste of time, energy, and money, and also to protect litigants, witnesses, and the public against unnecessary inconvenience and expense. Van Dusen v. Barrack, 376 U.S. 612, 616 (1964). The party seeking a Section 1404(a) transfer must show good cause. In re Volkswagen II, 545 F.3d 304, 315 (5th Cir. 2008) (en banc). "Although a plaintiff's choice of venue is not a distinct factor in the venue transfer analysis, it is nonetheless taken into account as it places a significant burden on the movant to show good cause for the transfer." Id., 545 F.3d at 315 n. 10.

In deciding whether to transfer venue, a court balances two categories of interests: (1) the private interests of the litigants and (2) the public's interest in the fair and efficient administration of justice. Id. at 315. The private interest factors include: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. Id. The public interest factors include: (1) the administrative difficulties flowing from court

congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law. Id. These factors are not exhaustive or exclusive, and no single factor is dispositive.

### C. Destination Venue

In considering a motion to transfer, the Fifth Circuit has also directed district courts to determine whether the destination venue would have been a district in which the claim could have originally been filed. Id. at 312. The parties' briefs are not very helpful on this point. In the Motion to Transfer, Defendant stated:

> Great American's [Defendant's] bond includes a venue provision *requiring* suit be brought in a court of competent jurisdiction in the location in which the work is located. Pursuant to that provision, CCB [Plaintiff] brought suit in the 26th Judicial District Court for the Parish of Bossier City [sic], LLC [sic]. Doc. 23-1, p. 3 of 5. [Italics added.]

That admission alone would seem, at first glance, to require the Motion to Transfer be denied. If the forum selection clause mandated that the suit be filed in this district, then the Eastern District would not have been a proper venue in the first place.

Despite Defendant's characterization, the actual language in the forum selection clause appears to be permissive, rather than mandatory. Paragraph nine of the bond states that: "Any proceeding, legal or equitable, under this Bond *may* be instituted in any court of competent jurisdiction in the location in which the work or part of the work is located ...."

(Italics added.) Notably, Defendant changed its tune in its reply brief and, after quoting the forum selection language, referred to that language as "permissive."

Neither party cited any cases to assist the court in the interpretation of the forum selection clause, but the court did find one case, United States Fidelity and Guaranty Company v. Braspetro Oil Services Company, 1999 WL 307666 (S.D. N.Y. 1999), which held that this same forum selection clause in a similar bond provided that the location of the work was a permissive, rather than an exclusive, forum for causes of action arising under the bond. But, again, aside from a few brief comments regarding the forum selection clause, neither party provides any helpful information to the court regarding whether this claim could have originally been filed in the Eastern District of Louisiana.

In a case such as this one, where the court's jurisdiction is based solely on diversity, 28 U.S.C. § 1391(a) provides that venue is proper in: (1) a judicial district where any defendant resides, if all defendants reside in the same state; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought. See Whitehead v. Fedex Office, 2010 WL 4103707 (W.D. La. 2010)(Foote, J.).

With regard to Section 1391(a)(1), residential venue, the court is left to guess as to the residence of Defendant. Defendant's Notice of Removal, Doc. 1, ¶ 9, provides that

Defendant is an Ohio corporation with its principal place of business in Ohio. Defendant, the party with the burden of proof on this Motion to Transfer, has not indicated that it has any contacts whatsoever with the Eastern District of Louisiana.

With regard to Section 1391(a)(2), transactional venue, there is no indication in the Motion to Transfer that any of the events occurred, or any part of the property at issue is situated, in the Eastern District of Louisiana.

With regard to Section 1391(a)(3), the fallback venue provision, this provision cannot be used in this case because the Western District of Louisiana is clearly an appropriate venue under 1391(a)(2), the transactional venue provision. The project (restaurant) was/is located in the Western District of Louisiana, and common sense suggests that all of the work on that project occurred in this district. Accordingly, the Motion to Transfer should be denied for failure to establish that the destination venue would have been a proper venue for this case in the first instance.

### D. Public and Private Interest Factors; Conclusion

Even if Defendant had shown that the Eastern District would have been a proper venue for this litigation, an evaluation of the relevant factors shows that the motion should still be denied. Litigating in Shreveport will not cause any serious problems with access to proof or witnesses. It is likely that many of the witnesses will be under the control of one of the parties. Shreveport is easily accessible from New Orleans via interstate highways. Shreveport also has a large, regional airport with connecting flights from several major hubs.

If Defendant believed that traveling to the Western District of Louisiana for litigation would be unduly burdensome, it should not have included in its own bond form a provision that authorized the filing of a claim where the project was located.

Maintaining the case in Shreveport likely would, in the end, be more cost effective for the parties. The trial will probably be held much sooner in this court due to the lack of any congestion in this court's docket. And no real efficiencies will be lost by not transferring the case to the Eastern District. Judge Walter already has familiarity with substantive issues in this case pursuant to his ruling on Defendant's motion to dismiss. Judge Feldman's prior rulings involved only procedural issues (separating the AAA proceeding into five separate arbitrations, one for each project) and entering a confirmation of the arbitrator's award pursuant to an unopposed motion. And there is no guarantee this case would be assigned to Judge Feldman even if it were transferred to the multi-judge Eastern District.

Also, parties who seek a change of venue should act with reasonable promptness. Peteet v. Dow Chemical, 868 F.2d 1428, 1436 (5th Cir. 1989). Defendant did not act promptly in bringing the motion. Rather, Defendant waited until it had lost on a substantive motion to dismiss before suggesting that another venue would be more appropriate.

In summary, after considering all of the relevant factors, Defendant has not met its burden of showing that a transfer is appropriate under Section 1404(a). Accordingly;

**IT IS RECOMMENDED** that Defendant's **Motion to Transfer (Doc. 23)** be **denied**.

**Objections**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within seven (7) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 28th day of October, 2010.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE